TRIANGLE MANAGEMENT SERVICES, a California corporation, Plaintiff,

v.

ALLSTATE SAVINGS AND LOAN ASSOCIATION, a California corporation, Trans-Coast Services, Inc., a California corporation, T. D. Service Company, Defendants.

No. C–82–3395–WAI.

United States District Court, N. D. California.

July 14, 1982.

Robert Craig Iseley, Plefka & Isley, Sacramento, Cal., for plaintiff.

Dave M. McGraw, Alvarado, Rus & McClellan, Walnut Creek, Cal., for defendants.

## MEMORANDUM OF DECISION

WILLIAM A. INGRAM, District Judge.

█ Plaintiff's Application for a Preliminary Injunction is denied because in the opinion of the Court the stay of proceedings provided in 11 U.S.C. § 362, does not toll the reinstatement period of a loan secured by deed of trust provided by Civ.C. § 2924, in favor of a junior lien holder-creditor.

This compels a finding that there is not even a fair chance of plaintiff's ultimately prevailing on trial and therefore fulfillment of the criteria established in this circuit by *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.,* 526 F.2d 86 (9th Cir. 1975), is lacking.

█ The legislative history of the automatic stay provision cited by plaintiff, U.S. Code Cong. & Ad.News (1978), pp. 5787, 6296, indicates that the automatic stay provision is intended to preclude the opportunity of one bankruptcy creditor to pursue a remedy against the debtor to the disadvantage of other bankruptcy creditors and thus to promote the orderly administration of the bankrupt's estate.

█ The tolling of the running of time in favor of a lien holder-creditor in a situation like the instant one, does not appear to be within the ambit of that declared intent, because to halt the running of time during the effective period of the automatic stay would neither promote equality of creditors nor promote an orderly liquidation of the bankrupt estate. Plaintiff argues that a senior lien holder by enforcing a contractual provision upon a junior lien holder would thereby receive a preference, thus contra-

vening one of the congressionally declared purposes of the automatic stay. But the filing of the bankruptcy petition, as pointed out by defendant imposes no detriment to the exercise of rights upon a subordinate lien holder with respect to a senior lien holder and confers no enlargement of the secured interest already possessed.

█ To be compelled to reinstate a loan to avoid the running of the redemption period confers no preference upon the first lien creditor, does not burden the bankruptcy estate or in any wise interfere with the orderly and fair administration of the bankruptcy estate. The only result is to effect the relative rights of lien holders as between each other, without any recourse against, or effect upon the bankruptcy estate or upon the debtor.

█ Therefore, I conclude that no intendments of statute are offended by the continued running of the period of redemption during the effective period of the automatic stay, at least insofar as relationships between senior and junior lien holders are concerned. Moreover, lack of adequate legal remedy is not apparent in this situation. Any loss incurred by plaintiff in contravention of statutory protections can be properly remedied in monetary damages upon the trial of this action, or by an independent action.

For the above reasons, the Application for Preliminary Injunction is denied. Defense counsel shall, within FIFTEEN (15) DAYS, prepare Findings consistent with this Memorandum of Decision.