**In re Harrison William Handy EAGLES, Debtor.**

**CALIFORNIA THRIFT & LOAN ASSOCIATION, Plaintiff/Appellee,**

v.

**DOWNEY SAVINGS & LOAN ASSOCIATION, and Downey Savings & Loan Service Company, Defendants/Appellants.**

BAP No. CC–82–1595–GVAb.

Bankruptcy No. LA 80–07472–CA.

Adv. No. LA 81–2837–CA.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Sept. 21, 1983.

Decided Feb. 10, 1984.

Thomas C. Starrett, Costa Mesa, Cal., for defendants/appellants.

William C. Beall, Michaelson & Susi, Santa Barbara, Cal., for plaintiff/appellee.

Before GEORGE, VOLINN and ABRAHAMS, Bankruptcy Judges.

## OPINION

GEORGE, Bankruptcy Judge.

An appeal has been taken in this matter from a declaratory judgment permitting the plaintiff-appellee, CALIFORNIA THRIFT AND LOAN ASSOCIATION ("Cal Thrift"), to reinstate a note secured by a deed of trust on real property belonging to this debtor's estate. This note and trust deed were held by the defendant-appellant, DOWNEY SAVINGS AND LOAN ASSOCIATION ("Downey Savings"). The lower court's judgment was based upon a legal conclusion that the automatic stay in this case protected Cal Thrift, as a junior

encumbrancer against the debtor's real property. We disagree with this conclusion of law and, therefore, REVERSE the declaratory judgment based upon it.

## I. BACKGROUND

There is no dispute as to the facts underlying the lower court's decision. Prior to the filing of his petition under Chapter 7 of the Bankruptcy Code, the debtor was the owner of an apartment building in Santa Barbara, California. Among other encumbrances, a first deed of trust, held by the appellant, Downey Savings, and a second trust deed, in favor of the appellee, Cal Thrift, were recorded against this real property. (The other appellant, DSL SERVICE COMPANY ("DSL"), was the trustee under the first deed of trust.)

At the time of the commencement of the debtor's case, on July 31, 1980, foreclosure proceedings had been initiated by DSL, on behalf of Downey Savings. At that time, however, the statutory pre-foreclosure reinstatement period, provided by Cal.Civ.Code § 2924c(a), had not lapsed.

On December 8, 1980, Downey Savings filed a complaint to lift the automatic stay in this case. This request was granted on May 20, 1981. At no time prior to the filing of the trial court's May 20, 1981 judgment did Cal Thrift attempt to reinstate the debtor's obligation to Downey Savings.

On June 11, 1981, Cal Thrift filed a complaint requesting, among other things, a declaration that, notwithstanding the passage of 90 days since the commencement of the Downey foreclosure proceedings, it could cure the debtor's default under the California reinstatement statute. Thereafter, on December 10, 1982, the trial court entered its judgment permitting a reinstatement of the debt owed to Downey Savings, to allow Cal Thrift to continue making periodic payments on that debt. 26 B.R. 41. Downey Savings subsequently filed a timely notice of appeal from the judgment.

## II. ANALYSIS OF THE ISSUES OF FACT AND LAW

Much of the dispute in this appeal has revolved around the question of whether the automatic stay under 11 U.S.C. § 362 tolls the reinstatement and redemption periods provided by state foreclosure laws. There existed a significant disagreement on this issue, under the former Bankruptcy Act, which still seems to cause concern under the new Bankruptcy Code. Nevertheless, we see no need to address this issue at the present time.

In the recent case of In re Casgul of Nevada, Inc., 22 B.R. 65 (Bkrtcy.App. 9th Cir.1982), we held that the automatic stay provisions found in 11 U.S.C. § 362 protected only the debtor, his property, and the property of his estate, unless otherwise provided by statute. See also In re Related Asbestos Cases, 23 B.R. 523 (D.C.N.D.Cal. 1982). At least one district court has, in a case similar to that now before us, held that the automatic stay under 11 U.S.C. § 362 does not toll the reinstatement period for a non-debtor junior encumbrancer. Triangle Management Services v. Allstate Sav. & Loan, 21 B.R. 699 (D.C.N.D.Cal.1982).

In its memorandum of decision, the trial court in the present matter rejected the reasoning of the latter case. In so doing, it argued that the failure to protect a junior encumbrancer, to the same extent as a debtor, would usually lead to a "disordered result." That is to say, it would cause a situation in which the junior lien holder would be forced to advance its own monies to cure defaults on senior liens, while being unable to proceed with its own foreclosure.

Although there is a certain intrinsic logic and fairness in this thinking, we must agree with the Triangle Management Services court that Congress simply did not intend for the automatic stay to protect junior lien holders from a tolling of the reinstatement period. Similarly, we can find no explicit statutory basis, under 11 U.S.C. § 362 or elsewhere, for extending the protections afforded by the automatic stay—whatever these might entail—to a non-debtor junior encumbrancer. There-

fore, since the trial court relied upon an overly-expansive assessment of the effect of 11 U.S.C. § 362 in rendering its declaratory judgment in this proceeding, we must overturn that decision.

## III. CONCLUSION

This panel concludes that the trial court erred in extending the protections of the automatic stay in this case to a non-debtor junior encumbrancer. Inasmuch as the lower court's declaratory judgment in favor of the appellee was based upon this improper extension of automatic stay rights, it must be REVERSED.