### In the Matter of INTERNATIONAL SUPPLY CORPORATION OF TAMPA, INC., Debtor.

### Bankruptcy No. 87–1266.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 17, 1987.

Robert W. Clark, Tampa, Fla., for Intern. Supply Corp. of Tampa, Inc.

Darryl R. Richards, Clearwater, Fla., for Life Sav. Bank.

## ORDER ON MOTION TO LIFT STAY

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration upon notice and hearing of a Motion to Lift Stay, filed by Life Savings Bank, a creditor of the above-captioned Chapter 11 case (Life). Life seeks relief from the automatic stay in order to go forward with the foreclosure and quiet title action currently pending in the Circuit Court of Pinellas County, Florida, and an eviction proceeding pending in the County Court of Pinellas County, Florida. The relevant facts as they appear from the record are without dispute and are as follows:

On January 30, 1987, International Supply Corporation of Tampa, Inc., the Debtor (Debtor), Life, and P.D. Richards, as Trustee for assets of the Debtor, entered into a stipulation agreement wherein the parties settled two lawsuits which were pending against the Debtor in State Court in Pinellas County, Florida, one to evict the Debtor from certain property, and another to foreclose a mortgage, to quiet title, and to extinguish or cancel an easement of record held by the Debtor on the same property which was the subject of the eviction action. Pursuant to the stipulation agreement, which was approved by appropriate Court orders, Life agreed to sell and the Debtor agreed to buy the subject property by March 11, 1987. The agreement further provided that if the parties did not consummate the sale on or before March 11, 1987, the County Court would enter a judgment of eviction granting Life the right to immediate possession of the property and the Circuit Court would enter an order cancelling and extinguishing any and all right, title, and interest the Debtor or the Trustee may have to the property. Closing was scheduled for 10:00 a.m. on March 11, but no closing took place. At 10:04 a.m. on March 11, the Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code.

Life moves for relief from the automatic stay pursuant to § 362(d)(1) and (d)(2), alleging that first the Debtor's interest in the property died when the Debtor failed to consummate the settlement at 10:00 a.m. on March 11, and thus, the automatic stay does not apply because the property was no longer property of the estate; and second, that if the automatic stay applies, that the automatic stay should be lifted for cause because the Petition was filed for the sole purpose to delay Life's rights under the stipulation agreement and to hinder Life's efforts to market the property. The Debtor urges that the Petition was not filed in bad faith, and also asserts that the stipulation agreement is an executory contract which can be rejected as burdensome.

The threshold issue is what rights did the Debtor have in the subject property at the commencement of the case. It is without dispute that on March 11, the Debtor did not consummate and had no intention to consummate the settlement agreement with Life. Thus, it appears that on March 11, the Debtor breached the settlement agreement, and pursuant to the stipulation, Life could, upon filing appropriate affidavits, obtain the entry of orders evicting the Debtor and cancelling and extinquishing the Debtor's right, title, and interest in the property. The breach of this agreement, which occurred when the Debtor failed to appear for closing at 10:00 on March 11, was a pre-petition breach, and thus, there was no longer a live contract which could be assumed or rejected by the Debtor.

This does not mean, however, that the Debtor's interest in the property was automatically wiped out upon its breach of the agreement. Until the entry of an order extinguishing the Debtor's interest and rights in the property, the Debtor has an interest in the property, if nothing more than a possessory interest, to which the automatic stay applies.

This leaves for consideration the question of whether there are sufficient grounds to lift the automatic stay. There is hardly any doubt that this Petition was filed to frustrate Life's rights under the stipulation agreement, and it is without dispute that on March 11, the Debtor's only remaining salvageable interest in the property arose from the agreement which was breached pre-petition. Accordingly, this Court is satisfied that sufficient cause ex-

ists to lift the automatic stay pursuant to § 362(d)(1), and thus, the Motion should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Lift Stay filed by Life Savings Bank be, and the same is hereby, granted, and the automatic stay be, and the same is hereby lifted. It is further

ORDERED, ADJUDGED AND DECREED that the automatic stay be, and the same is hereby, lifted for the sole purpose of allowing Life Savings Bank to enforce its rights against the Debtor and the subject property under the stipulation agreement dated January 30, 1987.