37 B.R. 348 (1984)
In the Matter of B.O.S.S. PARTNERS I, Debtor.
B.O.S.S. PARTNERS I, Plaintiff,
v.
Justin L. TUCKER and Linda E. Tucker, Defendants.
Bankruptcy No. 82-2373, Adv. No. 83-974.
United States Bankruptcy Court, M.D. Florida, Tampa Division.
January 5, 1984.
*349 Harley E. Riedel, Tampa, Fla., for plaintiff.
Nancy G. Farage, Tampa, Fla., for defendants.

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER
ALEXANDER L. PASKAY, Chief Judge.
THIS IS a Chapter 11 case and the matter under consideration is a request for injunctive relief sought by B.O.S.S. Partners I, a limited partnership currently involved in the above-captioned reorganization case. In order to put the matter in the proper focus, a brief recap of the history of this litigation is in order.
On November 10, 1982, B.O.S.S. Partners I filed its Petition for Relief under Chapter 11. On May 26, 1983, Justin L. Tucker and Linda E. Tucker filed a Complaint and sought relief from the automatic stay. The matter was duly scheduled for a preliminary hearing, but prior to the preliminary hearing, counsel for the Debtor and counsel for Mr. and Mrs. Tucker entered into a joint stipulation.
It appears from the stipulation that Mr. and Mrs. Tucker and the Debtor had resolved their differences and agreed that there was no need for any further litigation; that the Debtor shall have until December 31, 1983 to sell the subject property to conclude the sale and to disburse to Mr. and Mrs. Tucker all monies owed by the Debtor to them. The stipulation also provided for a minimum sales price and for a pay-off figure of $67,876.50 plus costs, attorneys fees, charges and expenses. This stipulation was approved by an order of this Court which adopted the terms of the stipulation and also provided in Paragraph 4 that if the property is not sold prior to December 31, 1983, a final judgment shall be entered in favor of Mr. and Mrs. Tucker without any further notice and hearing modifying the automatic stay to permit Mr. and Mrs. Tucker to continue a foreclosure action which is still pending in the Hillsborough County Circuit Court.
Inasmuch as the Debtor has not been able to sell the property and the moratorium provided for by the stipulation was about to expire, the Debtor filed a Complaint seeking a preliminary and permanent injunction pursuant to § 105 of the Bankruptcy Code in order to prohibit Mr. and Mrs. Tucker from taking any action in the pending foreclosure proceeding. On December 30, 1983, the Debtor also filed a Motion for Emergency Hearing and for Temporary Restraining Order which is the precise matter under consideration at this time.
It further appears from the evidence presented that the subject property consists of three parcels, although contiguous, all carry a different zoning; that although the Debtor presented a contract for sale of the subject property, the contract has several contingencies, which are as follows: (1) the ability of the Debtor to obtain a unitary zoning after the conclusion of a site study, after the conclusion of which the buyer has a right to determine the best and highest use; (2) the ability of the Debtor to obtain a sewer hook-up; (3) and most importantly, the buyer has no obligation to close except 15 days after the final decision on the acceptable zoning which zoning must be procured within 45 days from the date of the contract.
There is evidence in this record which indicates that the time to obtain a zoning *350 change might require as much as 100 days from the date of the submission of the application for rezoning. Although this very same property has been on the market for a year and a half now through multiple listing, no application for rezoning has been filed; no site studies have been conducted; and no arrangements have been made to obtain any hook-up for a sewer service, all of which were known requirements for a year and a half. Furthermore, it is clear that this contract is totally meaningless unless the Debtor is able to remove the contingencies mentioned.
In opposing any injunctive relief, Mr. and Mrs. Tucker urge that as a matter of law the Debtor is not entitled to any relief for the following reasons:
First, it is contended by counsel for Mr. and Mrs. Tucker that by virtue of the stipulation entered between the parties, a stipulation approved by this Court, the Debtor waived its right to any further relief and by virtue of the express terms of the stipulation, they shall be entitled to proceed forthwith to complete the pending foreclosure action. In support of this proposition, counsel for Mr. and Mrs. Tucker cite the case of In re Philadelphia Athletic Club, Inc., 20 B.R. 322 (Bkrtcy.E.D.Penn.1982) where Judge Goldhaber held that as the result of the stipulation negotiated and executed by the Debtor, the Debtor waived all defenses to the first mortgagee's action. In this case, which was originally commenced as a Chapter 11 case, the holder of the first mortgage and the Debtor in Possession entered into a stipulation settling a complaint which sought a relief from the automatic stay. This stipulation expressly provided that in the event of a default, the debtor waived its right to stay a state court or federal court action against the property. Thereafter, the Court appointed a trustee for the estate pursuant to § 1104(a). The trustee failed to live up to the adequate protection provided for by the first stipulation and as a result, the holder of the first mortgage asserted it had a right to proceed with the foreclosure action. As a result of further negotiations, the trustee and the holder of the first mortgage entered into a second stipulation which provided, inter alia, that the first mortgagee would forebear continuing with the foreclosure action in order to give the trustee a chance to sell the property free and clear of the first mortgage and, of course, satisfy the first mortgage in full upon the conclusion of the sale. After several hearings, the Court concluded that the trustee was bound by the first stipulation and that there had been a default on the stipulation. In order to avoid the consequences of the default, the debtor filed a complaint and sought a permanent injunction against the first mortgage based on § 105 of the Bankruptcy Code. The Court, based on the record, concluded that by virtue of the specific terms of the stipulation, the Debtor has waived its right to raise any equitable or all legal impediments to the first mortgagee's right to foreclose.
Based on the foregoing, it is contended by counsel that In re Philadelphia Athletic Club, supra is controlling and, therefore, it is unnecessary to consider any other matters. In addition, counsel for Mr. and Mrs. Tucker contend that in any event there is no independent right to relief under § 105 of the Code. Mr. and Mrs. Tucker claim § 105 merely grants the Bankruptcy Court the power to issue any order, process or judgment necessary to assist in the enforcement of any other right created by the Code and in this instance, a right to the protection of the automatic stay granted by § 362. Since that right no longer exists by virtue of the stipulation approved by this Court, the Debtor cannot resort to § 105 of the Code because there is no right which remains to be protected.
Considering these contentions, seriatim, this Court is satisfied that the holding of In re Philadelphia Athletic, supra generally represents the law and this Court is in agreement with the principle that a stipulation freely entered into by the parties is binding on the parties. In the context of a stay litigation, such a stipulation operates as a waiver by the debtor of any right to obtain protection from the Court *351 against proceedings instituted by a secured party for the purpose of enforcing its security interest. This proposition, however, is not etched in cement and should not be applied in an inflexible and pragmatic manner and under proper circumstances, the Court may use its equitable powers and grant further relief to a debtor pursuant to § 105 of the Code. For instance, if there is a radical and new development which drastically changes the economic picture and the value of the collateral, the liquidation of which assures a prompt satisfaction of the claim of the secured parties in full, it is clear that this Court may grant additional relief to the debtor by way of injunctive relief.
This leads to the next contention of counsel for Mr. and Mrs. Tucker which is based on the proposition that the power to grant an injunctive relief based on § 105 is merely an ancillary power which can only be used in connection with the protection of another right created by the Code. In this instance, according to counsel, the right sought to be protected is the protection accorded to debtors by the automatic stay of § 362. Once this protection expires, either because the stay was removed by the Court or by virtue of a stipulation of the parties, there is no longer a basis to exercise the powers granted by § 105 of the Code.
This proposition, while it might appear to be plausible at first glance, does not bear close analysis. The right to protection granted by the automatic stay is not the only right granted by the Code to debtors. The property in question is clearly property of the estate within the meaning of the term as used in § 541 of the Code. Thus, there is no question that under appropriate circumstances, the Court is entitled to use the injunctive power granted by § 105 to protect the property of the estate. Thus, the debtor may avail itself of appropriate circumstances to other remedies such as the protection of an injunction issued pursuant to § 105 of the Code. In re Sandmar Corporation, 16 B.R. 120, 8 BCD 639 (Bkrtcy.D. N.M.1981); In re Feimster, 3 B.R. 11, 6 BCD 131 (Bkrtcy.N.D.Ga.1979); In re Saez, 13 B.R. 605 (Bkrtcy.D.PR.1981); In re Fulghum Construction Corp., 5 B.R. 53 (Bkrtcy. M.D.TN.1980); In re Walker, 3 B.R. 213 (Bkrtcy.W.D.Va.1980). However, in order to invoke the injunctive remedy pursuant to § 105 of the Code, the burden is on the debtor to establish with persuasive evidence that the extraordinary remedy is warranted. As noted, such a showing may be made by establishing that subsequent to the expiration of the automatic stay, the situation drastically changed and the debtor is now in a position to furnish prompt and full satisfaction of the claim of a secured party either through liquidation of the collateral or through an arrangement of refinancing.
This case is a far cry from the example just stated. The evidence is uncontradicted that this property has been on the market on multiple listing with a large real estate firm who actively attempted in the past one and a half years to sell this property. As noted earlier, it was known for a year and a half that in order to market this property there will be a need to obtain a change in zoning in order to establish a uniform zoning for all three parcels. Notwithstanding this known fact, the debtor has failed to apply for rezoning. In addition, the present contingencies were also known to be present for the past year and a half, yet nothing has been done to remove them. Last, but not least, the likelihood that the debtor will be able to sell this property and satisfy the claim of these mortgagees, who have not received any monies whatsoever since June 17, 1982, cannot be assured or that they will receive any in the near future, since it is likely that it will take several months before the debtor is able to obtain a change in the zoning, if ever. In addition, Mr. and Mrs. Tucker paid $4,351.27 on the first mortgage to protect their interest and also paid real estate taxes in the amount of $581.28 for the year 1982. At no time did this debtor offer any adequate protection to these mortgagees and they are offering none now.
Based on the foregoing, this Court is satisfied that the Debtor failed to make an adequate showing which would justify the *352 extraordinary remedy sought. Therefore, this Motion for Temporary Restraining Order shall be denied. However, in light of the foregoing, this Court is satisfied that although there is nothing pending to dismiss the entire complaint, it would not serve any useful purpose to process this complaint any further. Therefore, this Court is satisfied that the dismissal of the entire complaint is justified under the circumstances.
Accordingly, it is
ORDERED, ADJUDGED AND DECREED that the Motion for Temporary Restraining Order be, and the same hereby is, denied. It is further
ORDERED, ADJUDGED AND DECREED that the Complaint for Preliminary and Permanent Injunction be, and the same hereby is, dismissed.