**In re CITADEL PROPERTIES, INC., Debtor.**

**Bankruptcy No. 88–708–BKC–6P1.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

May 11, 1988.

Raymond Rotella, Orlando, Fla., for debtor.

Gregg W. McClosky, Boca Raton, Fla., for Southern Floridabanc.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court on the motion of Southern Floridabanc Federal Savings & Loan Association ("Southern Floridabanc") for relief from the automatic stay. 11 U.S.C. Section 362. A hearing on the motion was held May 9, 1988, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. This contested motion involves the request by a secured creditor for relief from automatic stay under section 362(d) to enforce a final judgment of foreclosure entered in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

2. The debtor, Citadel Properties, Inc. ("Citadel") filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code on March 31, 1988, immediately prior to the judicially scheduled foreclosure sale of debtor's real property.

3. Citadel's sole asset is approximately 6.5 acres of real property located in Orange County, Florida.

4. Southern Floridabanc is a secured creditor pursuant to its mortgage lien and final judgment of foreclosure entered February 5, 1988.

5. Citadel defaulted under its obligations to Southern Floridabanc in mid–1985. The parties subsequently entered into a settlement agreement in which Citadel agreed in return for forbearance in enforcing the foreclosure judgment that Southern Floridabanc would be entitled to immediate relief from the automatic stay should Citadel file for protection under the Bankruptcy Code. The agreement did not, however, prohibit the debtor from filing a bankruptcy petition. The Court pauses to suggest that a total prohibition against filing for bankruptcy would be contrary to Constitutional authority as well as public policy.

6. Citadel has no income, no bank accounts, no employees, no cash flow and no local address.

7. Citadel has been unable to obtain refinancing with respect to the subject real property despite Southern Floridabanc's forbearance in enforcing its foreclosure judgment.

## CONCLUSIONS OF LAW

1. Southern Floridabanc suggests that it is entitled to relief by virtue of the terms of the Settlement Agreement entered between the parties in which Citadel agreed to allow Southern Floridabanc immediate relief from the stay should Citadel file for protection under the Bankruptcy Code. The Court agrees.

In *Matter of International Supply Corp.,* 72 B.R. 510 (Bkrptcy.M.D.Fla.1987); *B.O.S.S. Partners I,* 37 B.R. 348 (Bkrptcy. M.D.Fla.1984); and *In re Gulf Beach Development Corp.,* 48 B.R. 40 (Bkrptcy.M.D. Fla.1985), Judge Paskay confronted similar issues and determined that pre-petition agreements regarding relief from the stay were enforceable in bankruptcy. Thus, this Court holds that the terms of the pre-petition stipulation are binding upon the parties and that sufficient cause exists to lift the automatic stay pursuant to section 362(d)(1).

2. Southern Floridabanc also argues that Citadel filed this petition for reorganization in bad faith and that bad faith constitutes cause for lifting the automatic stay under section 362(d)(1). Following the lead of the 11th Circuit Court of Appeals in *In re Albany Partners Ltd.,* 749 F.2d 670 (11th Cir.1984), this Court has previously recognized that a bad faith filing is cause for relief from the automatic stay. *In re Bell Partners, Ltd.,* 82 B.R. 593 (Bkrptcy. M.D.Fla.1988); *In re Sar–Manco, Inc.,* 70 B.R. 132 (Bkrptcy.M.D.Fla.1986); *In re Phoenix–Piccadilly, Ltd.,* 84 B.R. 843 (Bkrptcy.M.D.Fla.1988); and *In re RAD Properties,* 84 B.R. 827 (Bkrptcy.M.D.Fla. 1988).

3. The factors cited in the above referenced cases fall into three basic categories: (1) whether the debtor is actually an existing business enterprise or ongoing business concern which may be rehabilitated or reorganized consistent with the Congressional intent and protection afforded by Chapter 11; (2) whether the debtor has filed a petition for reorganization on the eve of a foreclosure or similar judicial action and bankruptcy offers the only means of forestalling loss of the debtor's business; and (3) whether the debtor has a realistic probability of successful reorganization. After evaluating the facts of this case in view of these categories, the Court concludes that these factors which typify a bad faith filing are present in this case.

4. First, Citadel is incapable of reorganization or rehabilitation consistent with the Congressional intent and protection afforded by Chapter 11. It is not an existing enterprise or ongoing concern in the traditional sense and is owned and controlled predominantly, if not exclusively, by one person, Martin Nizny. Furthermore, Citadel is a one asset enterprise with no bank accounts, no local address, no employees and no source of income. It also appears that there are relatively few unsecured creditors who would benefit from reorganization.

5. Second, it is also apparent that the filing of the petition for reorganization was made to forestall the loss of the debtor's property through judicial sale in the state court. Specifically, the evidence indicates that the petition was filed less than one hour prior to the scheduled foreclosure sale of the property. The Court finds further that Citadel waited approximately three years after default under its obligations to Southern Floridabanc to seek bankruptcy protection. These facts are strong evidence that Citadel seeks merely to delay or frustrate the legitimate enforcement efforts of its principal secured creditor, Southern Floridabanc.

6. Finally, the evidence presented at the hearing also indicates that Citadel has no realistic chance to reorganize. Despite the extended periods of forbearance by Southern Floridabanc in foreclosing its mortgage and setting the judicial sale, Citadel has

been unable to obtain a firm commitment to refinance and pay off Southern Floridabanc. The evidence with respect to the pending commitment by AmeriFirst Bank shows that such commitment was not made to the debtor, but rather to Martin Nizny. Moreover, neither Citadel nor Martin Nizny have satisfied the material conditions of such commitment including the minimum pre-leasing requirements, the acquisition of required building permits and an improvement in the loan to value ratios. Furthermore, the Court finds that it is unreasonable to expect that the various conditions of the AmeriFirst commitment could be met prior to the termination date of June 30, 1988. Thus, it is clear that Citadel has no source from which it can expect capital for the continued development of the real property and to fund the reorganization.

7. For the reasons set forth above, the Court concludes (1) that Southern Floridabanc is entitled to enforce the terms of the pre-petition stipulation regarding lifting the automatic stay and (2) that sufficient cause also exists for lifting the stay because the petition was filed in bad faith.

The Court will enter a separate order in accordance with these findings.