**FARM CREDIT OF CENTRAL FLORIDA, ACA, Appellant,**

v.

**Freeman F. POLK, Appellee.**

No. 93–628–Civ–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 19, 1993.

Bruce James Sperry, Edwards, White & Galloway, P.A., Plant City, FL, for appellant.

Jeffrey W. Warren, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, for appellee.

### ORDER AFFIRMING THE DECISION OF THE UNITED STATES BANKRUPTCY COURT

KOVACHEVICH, District Judge.

This cause is before the Court on the appeal of Farm Credit of Central Florida, ACA, which filed its appellate brief (Docket No. 4) on June 7, 1993. Appellant seeks a reversal of the denial of its Motion for Relief from Stay by the United States Bankruptcy Court for the Middle District of Florida, Tampa Division. Appellee, Freeman F. Polk, filed his brief in opposition (Docket No. 7) on July 20, 1993 and Appellant filed a reply brief (Docket No. 8) on July 29, 1993.

The Appellee correctly sets forth, in his brief, the appropriate standard for review of the Bankruptcy Court's decision. The applicable standard of appellate review is *de novo* or complete review for the Bankruptcy Court's conclusions of law and the "clearly erroneous" standard for its findings of fact. *Matter of T & B general Contracting, Inc.,* 833 F.2d 1455 (11th Cir.1987). Bankruptcy Rule 8013 provides that when a district court hears an appeal from a bankruptcy judge's order "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." *In re Alchar Hardware Co., Inc.,* 764 F.2d 1530, 1533 (11th Cir.1985); *In re Daikin Miami Overseas, Inc.,* 868 F.2d 1201, 1206 (11th Cir. 1989).

The issues to be addressed are whether the trial court erred by not granting Appellant's Motion for Relief From Stay, based upon the contractual language in the parties' forbearance agreement and whether the trial court erred by not granting relief pursuant to the provisions of § 362(d)(2)(B) of the Bankruptcy Code. The relevant facts, as

presented by the appellate briefs, are as follows:

On November 9, 1991, a Summary Final Judgment of Foreclosure was entered against Defendants, Freeman F. Polk, and Gwendolyn J. Polk, Freeman F. Polk and Gwendolyn J. Polk, as Trustees of a Trust Agreement dated February 8, 1973, known as Freeman F. Polk Revocable Trust, in favor of Plaintiff, Farm Credit. This Summary Judgment scheduled a foreclosure sale for March 3, 1992, representing an agreement between the parties to delay the sale in order to provide a further opportunity to sell the property.

On February 28, 1992, the foreclosure trial court approved a joint stipulation of the parties cancelling the March 3, 1992, foreclosure sale and rescheduling the sale to May 1, 1992. On May 1, 1992, the trial court approved another joint stipulation which cancelled the May 1, 1992, foreclosure sale and rescheduled the sale for June 30, 1992. This joint stipulation mentioned the parties' forbearance agreement, dated May 1, 1992, which contained Defendants' agreement not to contest a motion to lift stay in the event Defendants' filed for bankruptcy protection.

On June 30, 1992, Appellee filed his Chapter 11 Petition in Bankruptcy Court. Appellant filed its Motion for Relief and Modification of Automatic Stay and Request for Adequate Protection on July 15, 1992. On July 17, 1992, Polk filed his response to the motion asserting that cause did not exist to terminate or modify the stay. At the preliminary hearing held on August 11, 1992, the Court granted limited adequate protection and scheduled an evidentiary hearing for November 6, 1992. The hearing on Appellant's Motion for Relief From Stay was heard on November 6, 1992, but was continued to January 15, 1993, and thereafter continued to and completed on February 15, 1993. The Court entered its Amended Order Denying Farm Credit's Motion for Relief From Stay on March 11, 1993. Appellee timely filed its Notice of Appeal of that order on March 19, 1993.

# I

Polk and Farm Credit entered into a Forbearance Agreement on May 1, 1992, whereby Farm Credit agreed to extend the date of the foreclosure sale in exchange for Polk agreeing not to contest a motion for relief from stay by Farm Credit in the event that Polk filed for bankruptcy protection. The Bankruptcy Court found that a prepetition agreement that entitled Appellant to an immediate lifting of the automatic stay, in and of itself, is not sufficient to lift the stay unless there is a showing of other criteria, such as bad faith.

Farm Credit contends that while Polk cannot contract away his right to file for protection under the bankruptcy laws, he can enter into a prepetition agreement limiting and/or waiving rights available to him under those laws. Further, Farm Credit asserts that the Bankruptcy Court erred because Polk cannot be allowed to circumvent the contractual terms he voluntarily entered into under the Forbearance Agreement. Farm Credit relies on a series of *single asset* bankruptcy decisions to support its argument that a prepetition waiver of rights should be enforceable. *In re Matter of International Supply Corp. of Tampa, Inc.*, 72 B.R. 510 (Bankr. M.D.Fla.1987); *In re Gulf Beach Development Corp.*, 48 B.R. 40 (Bankr.M.D.Fla. 1985); *In re Citadel Properties, Inc.*, 86 B.R. 275 (M.D.Fla.1988); *In re McBride Estates, Ltd.*, 154 B.R. 339 (Bankr.N.D.Fla.1993); *B.O.S.S. Partners I*, 37 B.R. 348 (Bankr. M.D.Fla.1984). Farm Credit holds that the Bankruptcy Court's decision is in conflict with the aforementioned line of cases.

This Court agrees with Appellee that the Bankruptcy court was fully aware of the aforementioned decisions and rejected the applicability of the reasoning of those cases to the present case. A review of the underlying facts of the cases cited by Farm Credit does confirm that in each case the Bankruptcy Court, expressly or impliedly, determined that the debtor could not effectively reorganize. This Court agrees that the fact patterns existing in this line of cases are not present in the instant case.

Unlike the debtors in that line of cases, Polk has operated significant business enter-

prises since the mid–1950's. These business enterprises include ranching operations, management of substantial commercial and investment properties and a major heavy machinery repair business. These business enterprises employ a number of people, generate substantial income and involve the types of activity for which Chapter 11 was designed.

Additionally, Polk has a significant number of creditors, both secured and unsecured, and his proposed plan of reorganization provides for the treatment of 17 separate classes of claims and the payment in full of $12,000,000.00 in obligations. *Tr 11/6 at 80–82; App. D. Stay Order ¶ 8.* This Court concurs with Appellee, Polk, that courts that have held that a prepetition waiver of the § 362 automatic stay provision is valid and enforceable have done so in single asset bankruptcy cases where bad faith existed and the court determined that there was no prospect for a successful reorganization. Those cases do not support the claim of Farm Credit.

■■■ This Court also agrees with Appellee, Polk, that the automatic stay is a key component of federal bankruptcy law. In a Chapter 11 reorganization proceeding, the stay prevents the dissipation or diminution of the debtor's assets while rehabilitative efforts are undertaken. *In re S.I. Acquisition, Inc.,* 817 F.2d 1142 (5th Cir.1987). The stay goes into effect without regard to conduct by the debtor or his creditors. Relief from the automatic stay must be authorized by the Bankruptcy Court. The stay prevents certain creditors from gaining a preference for their claims against the debtor and, in general, avoids interference with the orderly liquidation or rehabilitation of the debtor. *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.,* 682 F.2d 446, 448 (3d Cir.1982).

The Bankruptcy Court found that the provision in an agreement "entitling Farm Credit to an immediate lifting of the automatic stay in and of itself is not sufficient to lift the stay unless there is a showing of other criteria, such as bad faith." *App. D, Stay Order,* ¶ 12. The Bankruptcy Court further found that under the totality of circumstance presented in this case that bad faith did not

exist, and therefore the provision should not be enforced against Polk to the detriment of his creditors. *App. 4, Stay Order,* ¶ 12.

The issue of enforceability of a prepetition agreement to waive the automatic stay has been considered by other courts in the same manner as the Bankruptcy Court for the Middle District of Florida, Tampa Division. The secured creditor in *In re Sky Group Int'l, Inc.,* 108 B.R. 86, 88 (Bankr.W.D.Pa. 1989), argued that the debtor had waived the stay pursuant to an agreement. The Bankruptcy Court held that any contention that this type of waiver was enforceable and self-executing was without merit. *In re Sky Group Int'l, Inc.,* at 88. The Bankruptcy Court reasoned that granting a creditor relief from stay simply because the debtor elected to waive protection afforded to the debtor by the automatic stay ignores the fact that the stay is designed to protect all creditors and to treat them equally. *In re Sky Group Int'l, Inc.,* at 89. Since the purpose of the stay is to protect the creditors, as well as Polk, Polk could not have unilaterally waived the automatic stay against the interest of his creditors. *Commerzanstalt v. Telewide Systems, Inc.,* 790 F.2d 206, 207 (2d Cir.1986).

■■■ It is the opinion of this Court that the Bankruptcy Court's holding that prepetition agreements providing for the lifting of the stay are "not per se binding on the debtor, as a public policy position," is consistent with the purposes of the automatic stay to protect the debtor's assets, provide temporary relief from creditors and promote equality of distribution among the creditors by forestalling a race to the courthouse. *GATX Aircraft Corporation v. M/V Courtney Leigh,* 768 F.2d 711, 716 (5th Cir.1985). The automatic stay provision is intended to preclude the opportunity of one bankruptcy creditor to pursue a remedy against the debtor to the disadvantage of other bankruptcy creditors and thus, to promote the orderly administration of the bankrupt's estate. *Triangle Management Services v. Allstate Savings & Loan Association,* 21 B.R. 699 (N.D.Cal.1982). No other creditors were involved in the prepetition agreement, nor did the Bankruptcy court approve this agreement. The policy behind the automatic stay is to protect the

debtor's estate from being depleted by creditors' lawsuits and seizures of property before the debtor has had a chance to marshal the estate's assets and distribute them equitably among creditors. *Martin–Trigona v. Champion Federal Savings & Loan Association,* 892 F.2d 575 (7th Cir.1989). The Bankruptcy Court correctly determined that the agreement to waive the automatic stay was not self-executing.

The Bankruptcy Court's factual findings must be accepted on appeal unless they are found to be clearly erroneous. Farm Credit has failed to carry its burden to show the appellate court that any finding by the Bankruptcy Court is clearly erroneous.

## II

■ Section 362(a) of the Bankruptcy Code authorizes relief from the automatic stay by terminating, annulling, modifying or conditioning the stay:

(2) with respect to a stay of an act against property under subsection (a) of this section if,

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

The appropriate test for determining whether collateral is "necessary to an effective reorganization" is (1) whether the collateral is, in fact, necessary to his reorganization efforts, and (2) there is a reasonable possibility of a successful reorganization within a reasonable time. *In re Ahlers,* 794 F.2d 388 (8th Cir.1986); *In re Discount Wallpaper Center, Inc.,* 19 B.R. 221 (Bankr.M.D.Fla. 1982).

■ Farm Credit contends that the Bankruptcy Court avoided the question of whether there is "a reasonable possibility of a successful reorganization within a reasonable time" which he interprets to be a test of feasibility. Farm Credit believes Polk's plan for reorganization to be nothing more than "a mere financial pipe dream" and that under § 362(d)(2) the debtor must do more than evince high hopes.

Farm Credit cites no authority for the proposition that feasibility is a requirement under § 362(d)(2)(B). This Court concurs with the Bankruptcy Court's determination that the appropriate time to evaluate feasibility is when the Bankruptcy Court decides whether the plan should be confirmed. 11 U.S.C. § 1129.

Farm Credit suggests that the Bankruptcy Court determined only that the property was needed for reorganization, when the Supreme Court requires the debtor to show there is a "reasonable possibility of a successful reorganization within a reasonable time." *United States Savings Association of Texas v. Timbers,* 484 U.S. 365, 376, 108 S.Ct. 626, 633, 98 L.Ed.2d 740 (1988). This contention by Farm Credit disregards the findings of the Bankruptcy Court. The Bankruptcy Court examined the uniqueness of the property involved in this case in conjunction with the probable success under Polk's reorganization effort before determining that the property was necessary for an effective reorganization.

■ The Bankruptcy Court found Polk to be involved in a unique situation because the zoning of his property allows excavation of lakes, and, the dirt excavated can be sold to fund the reorganization plan. Consequently, the Bankruptcy Court found that Polk satisfied his burden of showing that Farm Credit's collateral is necessary for an effective reorganization.

Farm Credit has failed to point to anything in the record indicating that the Bankruptcy Court was clearly erroneous in its findings. This Court agrees with Appellee that the test to be utilized by the district court is not whether a different conclusion from the evidence would be appropriate, but whether there is sufficient evidence in the record to prevent clear error in the trial judge's findings. *Prudential Credit Services v. Hill,* 14 B.R. 249, 250 (S.D.Miss.1981). It is the opinion of this Court that Farm Credit

has not demonstrated that any factual finding of the Bankruptcy court was clearly erroneous. Accordingly, it is

**ORDERED** that the decision of the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, denying Appellant relief from the automatic stay, be **affirmed.**

**DONE AND ORDERED.**