**In re Priscilla B. CHEEKS, Debtor.**

**Bankruptcy No. 94–70224.**

United States Bankruptcy Court,
D. South Carolina.

April 25, 1994.

Dana Wilkinson, Anderson & Associates, Columbia, SC, for debtor.

D. Randolph Whitt, Sherrill & Rogers, Columbia, SC, for creditor.

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

WM. THURMOND BISHOP, Bankruptcy Judge.

This matter came before the court on the motion of Resolution Trust Corporation (RTC) for relief from the automatic stay filed February 16, 1994. The Debtor filed an objection dated February 28, 1994. The Chapter 13 Trustee did not file an objection on behalf of the Debtor's unsecured creditors. No other interested parties objected.

Counsel for RTC and counsel for the Debtor appeared at the hearing on this matter on March 14, 1994. The Debtor also appeared and gave testimony. Based upon the testimony presented, matters of record, and arguments of counsel, the court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The Debtor filed a Petition for Relief under Chapter 13 of the United States Bankruptcy Code on January 14, 1994.

2. RTC has a valid security interest in the property which is the subject of this motion by virtue of a mortgage dated April 1, 1986 and recorded April 7, 1986, in the office of the RMC for Richland County in Book M919 at Page 852 in the original principal sum of $60,650.00.

3. As a result of the Debtor's failure to make payments on the mortgage described above, a mortgage foreclosure action was instituted by Civil Action No. 93–CP–40–1643. A judgment of foreclosure was entered and a foreclosure sale was scheduled for the first Monday in August 1993.

4. On July 29, 1993, Debtor entered into a forbearance agreement with RTC, which states in Paragraph Nine (9):

> "As further consideration to induce Mortgagee to enter into this agreement, Mortgagor agrees that in the event a proceeding under Title 11, either voluntary or involuntary, is commenced by or against Mortgagor, Mortgagor will not oppose or object to Mortgagee's Motion for Relief from the Automatic Stay (11 USC § 362)"

5. The mortgage foreclosure action described above was dismissed by the RTC as required by the parties' agreement. Subsequently the Debtor defaulted under the terms of the forbearance agreement and a new mortgage foreclosure action was filed. During the pendency of this second foreclosure action the Debtor filed her bankruptcy petition.

6. The Debtor testified regarding the circumstances regarding the execution of the forbearance agreement and her understanding of its terms. In light of the Debtor's intelligence, her employment history, and the totality of the circumstances included in her testimony, I conclude that the Debtor understood the terms and consequences of the agreement she made.

■ Pre-petition agreements such as set forth above have been held to be valid and enforceable. *In re Club Tower L.P.,* 138 B.R. 307 (Bkrtcy.N.D.Ga.1991). Although contrary authority exists, see *In re Sky Group International, Inc.,* 108 B.R. 86 (Bkrtcy.W.D.Pa.1989), Judge Robinson's reasoning in *Club Tower* is more persuasive. Such agreements are distinguishable from an agreement which precluded the debtor from filing a bankruptcy petition in that the debtor

has elected to forego only a single benefit of the Bankruptcy Code in exchange for the creditor's forbearance. In this case, RTC had a present right to have its collateral sold in a foreclosure sale. In exchange for surrendering this right, the secured creditor obtained the debtor's agreement to lessen the delay in starting the foreclosure action over in the event the debtor defaulted on the forbearance agreement and then filed a bankruptcy petition.

Perhaps the most compelling reason for enforcement of the forbearance agreement is to further the public policy in favor of encouraging out of court restructuring and settlements. *In re Club Tower L.P.*, supra. Bankruptcy courts may be an appropriate forum for resolving many of society's problems, but some disputes are best decided through other means. In the instant case the Debtor received relief under the forbearance agreement approximating that which would have been available in a bankruptcy proceeding. The pending foreclosure sale was canceled, the foreclosure action was dismissed, and the Debtor gained an opportunity to start a new payment schedule which would prevent further action as long as she made the payments she agreed to make. To allow her now to receive the full benefits resulting from reimposition of the automatic stay as to RTC would be inconsistent with this Court's oft-stated skepticism regarding serial bankruptcy filings. *In re Pryor*, 54 B.R. 679 (Bkrtcy.D.S.C.1985).

The Debtor cites *Farm Credit of Central Florida v. Polk*, 160 B.R. 870 (M.D. Fla.1993) as limiting *In re Citadel Properties*, 86 B.R. 275 (Bkrtcy. M.D.Fla.1988). The District Court in *Polk* limited the enforcement of prepetition waivers. However, the Debtor concedes that the District Court did not disagree with the results in the Florida bankruptcy decisions it cited. Rather, the District Court substitutes a bad faith analysis to reach the same result. In any case, the *Polk* decision has no effect on the *Club Tower* decision from the Northern District of Georgia or on cases from other districts which have adopted similar reasoning. *In re McBride Estates, Ltd.*, 154 B.R. 339 (Bkrtcy.N.D.Fla. 1993).

The Circuit court cases cited by the Debtor involve situations in which parties asserted that various agreements obviated the necessity of securing an order from the bankruptcy court lifting the stay. *Commerzanstalt v. Telewide Systems, Inc.*, 790 F.2d 206 (2d Cir.1986); *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194 (3d Cir.1991). These cases are distinguishable.

Finally, the Debtor asserts that the *Club Tower* decision should be limited to single asset real estate cases. No basis exists for providing more or less relief to particular classes of debtors. The same rationale which led the U.S. Supreme Court to conclude that even an individual debtor who was not engaged in business was eligible for Chapter 11 relief, see *Toibb v. Radloff*, 501 U.S. 157, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991), dictates that individual debtors should not treated differently in other areas in the absence of specific language in the code requiring such treatment. An individual debtor in one chapter should have no greater ability to escape the burdens of an agreement after receiving its benefits that a debtor in any other chapter.

Enforcement of a forbearance agreement does not in itself mean that in all bankruptcy cases where one exists, the automatic stay will be lifted. These agreements do not oust this Court's Jurisdiction to hear objections to stay relief filed by other parties in interest. It simply means that this Court will give no weight to a Debtor's objection as this conflicts with and is in derogation of the previous agreement. When there are no other objections to stay relief, this Court looks upon the motion to lift the stay as being totally unopposed and will render relief as though the motion is in default.

When a debtor files bankruptcy, which right as indicated above is not affected by a forbearance agreement, the automatic stay comes about by operation of law and subsequently becomes lifted or modified only after a motion which is duly filed and served is heard. These motions are not concluded passively. The bankruptcy code requires these steps and this procedure because creditors have a right under the Code to require that assets be marshalled in an orderly and equitable fashion. However, as is true in

this case, when creditors and parties in interest entitled to notice on a motion to lift the stay do not object, the stay becomes lifted as though the motion is in default as the "objection" of the debtor is meaningless and of no effect because of the forbearance agreement. In short, if the automatic stay remains it is not because of the debtor.

**THEREFORE, IT IS HEREBY ORDERED:**

That the Automatic Stay pursuant to 11 U.S.C. Section 362 is lifted, based on the forbearance agreement entered into by the parties and there being no other objections, as to the real property described in RTC's Motion for Relief. RTC shall be permitted to pursue its remedies against said security. RTC has waived any claim that may arise under 11 U.S.C. Section 503(b) or Section 507(b) as a result of this Motion. RTC shall report to this Court any funds received as a result of lawful disposition of the real property in excess of RTC's total indebtedness plus any other valid lien against the subject property.