**In re SOUTH EAST FINANCIAL ASSOCIATES, INC., Debtor.**

**In re AMERMALL DEVELOPMENT CORPORATION, Debtor.**

**Bankruptcy Nos. 97–10020–8P1, 97–10019–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 19, 1997.

Jeffrey W. Warren, Tampa, FL, for Debtors.

Richard H. Malchon, Jr., Tampa, FL, for Movant.

## ORDER ON FERRIS' MOTIONS TO DISMISS CHAPTER 11 BANKRUPTCY CASES

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon the Motions to Dismiss Chapter 11 Bankruptcy Cases filed by secured creditors Carl W. Ferris and Constance F. Ferris (Ferris). The Court reviewed the Motions and the record, heard argument of counsel and finds as follows:

The Debtors, South East Financial Associates, Inc. (South East) and Amermall Development Corporation (Amermall) own contiguous parcels of real property which together comprise commercial property known as Floriland Mall. Those parcels owned by Amermall are leased to a flea market and a medical group. A portion of the property owned by South East is leased to Montgomery Ward, as primary tenant. Montgomery Ward subleases the property to Barnett Technologies.

First Union Bank holds a first mortgage on the Amermall property and a second mortgage on the South East property. Fleet Mortgage holds the first mortgage on the South East property. The Debtors, South East and Amermall are also indebted to Ferris in the amount of $1.9 million pursuant to a Promissory Note executed on October 24, 1994, in the original face amount of $1,650,-000.00, secured by a second mortgage on the Amermall property and a third mortgage on the South East property, and an Assignment of Leases and Rents.

It is without dispute that South East defaulted under the terms of the Promissory Note by failing to timely make the monthly contractual interest payments. Ferris executed its first Forbearance Agreement on October 27, 1995, pursuant to which Ferris agreed to forbear in exercising their rights after default under the Promissory Note and security documents. Upon a subsequent default under the terms of the Promissory Note and Forbearance Agreement, on July 2, 1996, Ferris filed an action to foreclose the Mortgage and Assignment of Rents in the Circuit Court in and for Hillsborough County, Florida, Case No. 96–4417, Division P. On December 3, 1996, a Summary Judgment of Foreclosure was entered by the Circuit Court. On February 19, 1997, the Circuit Court entered an Order, scheduling a judicial sale of the South East property for April 9, 1997.

Prior to the sale, however, Ferris entered into a Stipulation to Continue Foreclosure Sale with the Debtors and other Defendants, whereby Ferris agreed to extend the judicial

sale to a date not earlier than June 18, 1997, and agreed to accept a discounted payoff in satisfaction of the Mortgage subject to the Summary Judgment of Foreclosure, conditioned upon receiving the discounted payoff in full by June 17, 1997. The Stipulation recites that a contract had been entered into for the sale of the real and personal property which was the subject of the foreclosure action to Erno Jakabovits. Based upon the Stipulation, the Circuit Court rescheduled the judicial sale for June 18, 1997.

■ Just prior to the rescheduled judicial sale, the Debtors filed their Petitions for Relief under Chapter 11 of the Bankruptcy Code. Ferris has not sought relief from the automatic stay. Rather, on July 14, 1997, Ferris filed their Motions to Dismiss, contending that by virtue of the provisions of Paragraph 23 of the Stipulation and as a matter of law, the Ferris' are entitled to obtain dismissal of the Chapter 11 cases based upon their having been filed in bad faith.

In seeking the dismissal of these cases, Ferris relies upon the following language in paragraph 23 of the Stipulation,

> ... the breach of which in any way, at any time, now or in the future will constitute bad faith by the Defendants or any of them as such term is used, construed and applied under the provisions of sections 362(d)(1) and 1112(b) of United States Bankruptcy Code, so that any such breach by the Defendants or any of them will entitle FERRIS to either obtain relief from the automatic stay imposed under section 362(a) of the Bankruptcy Code, .... or ... to obtain dismissal of any petition filed under Chapter 11 of the United States Bankruptcy Code, by all or any of the Defendants.

The enforceability of prepetition waivers of the right to seek relief in Bankruptcy Court or the waiver of specific bankruptcy benefits has produced substantial litigation. Some courts have held that such prepetition waivers of bankruptcy benefits are unenforceable. *See Matter of Pease*, 195 B.R. 431, 432 (Bankr.Neb.1996) (citations omitted). Several courts have found that prepetition waiver of bankruptcy benefits are valid and enforce-

able. *See In re Gulf Beach Development Corp.*, 48 B.R. 40 (Bankr.M.D.Fla.1985). However, in those cases, the secured creditor was not relying solely upon the language of the prepetition waiver and instead, made an independent showing of bad faith. *See e.g. In re University Commons, L.P.*, 200 B.R. 255 (Bankr.M.D.Fla.1996), rehearing den. at 204 B.R. 80; *In re Citadel Properties, Inc.*, 86 B.R. 275 (Bankr.M.D.Fla.1988).

■ Although the issue of the prepetition waiver of bankruptcy rights most often arises in the context of stay litigation, what may be gleaned from these cases are certain general principles. Prepetition waivers are not invalid per se. *See In re Powers*, 170 B.R. 480 (Bankr.Mass.1994). A prepetition waiver of bankruptcy benefits may be binding unless the agreement was obtained by coercion, fraud or mutual mistake of material fact. *In re Orange Park South Partnership*, 79 B.R. 79 (Bankr.M.D.Fla.1987) citing *Duncan Properties, Inc. v. Key Largo Ocean View, Inc.*, 360 So.2d 471 (Fla. 3rd DCA 1978). Nonetheless, such waivers are not self-executing and are not binding on third parties. *Pease, supra* at 432. *In re Sky Group International, Inc.*, 108 B.R. 86, 89 (Bankr.W.D.Pa.1989). Thus, if a waiver adversely affects other creditors, it is unlikely that the waiver will be enforced.

In this case, although the Debtors voluntarily executed the Stipulation, it would be inappropriate to enforce the prepetition waiver. South East has eleven scheduled general unsecured creditors. Amermall has fourteen scheduled general unsecured creditors. These are third parties who are not bound by the Stipulation and who would be detrimentally impacted by a dismissal. Furthermore, this Court is satisfied that Ferris has not shown an independent basis warranting the dismissal of these cases.

Inasmuch as the forbearance agreement by itself is insufficient as a matter of law to establish bad faith for purposes of dismissal, this Court is satisfied that the Debtors should be afforded an opportunity to reorganize and the Motions to Dismiss should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that Ferris' Motion to Dismiss Chapter 11 Bankruptcy Case as it relates to South East be, and the same is hereby denied. It is further

ORDERED, ADJUDGED AND DE-CREED that Ferris' Motion to Dismiss Chapter 11 Bankruptcy Case as it relates to South East be, and the same is hereby denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtors shall file their disclosure statements and plans of reorganizations within forty-five days from the date of the entry of this order. The Debtors shall have one opportunity to amend their disclosure statements and plans of reorganization. Upon the failure of the Debtors to comply with these directives, the Court may reconsider dismissal of these cases upon hearing and with proper notice to all parties in interest.