**In re UNIVERSITY COMMONS, L.P., Debtor.**

**Bankruptcy No. 96–5813–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 27, 1996.

Alberto F. Gomez, Jr., Stichter, Riedel, Blain & Prosser, P.A., Tampa, FL, for debtor.

Marsha Griffin Rydberg, Rydberg & Goldstein, P.A., Tampa, FL.

Caryl E. Delano, Harris, Barrett, Mann & Dew, St. Petersburg, FL.

### ORDER ON MOTION FOR RECONSIDERATION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a dismissed Chapter 11 case and the matter under consideration is a Motion For Reconsideration of this Court's Order entered on August 9, 1996. The Order granted the Motion to Dismiss and the Motion For Relief from the Automatic Stay, both filed by Barnett Bank of Southwest Florida (Barnett). Both Motions were promptly scheduled for hearing. However, notice was provided only to the Debtor and to the U.S. Trustee, not to all creditors of the Debtor. Shortly after the conclusion of the hearing, at which time this Court heard argument of counsel for the Debtor and also the argument of Greiner, Inc. (Greiner), one of the twenty largest creditors of the Debtor, this Court entered its Order. Both Greiner and the Debtor seek a reconsideration to vacate and set aside the Order which granted both Motions filed by Barnett. In its Order, this Court, based on the undisputed facts as they appear from the record, concluded that the Petition for Relief of the Debtor was filed in bad faith. Therefore, it was proper to dismiss the Chapter 11 case pursuant to § 1112(b) of the Bankruptcy Code for cause and also to grant the Motion for Relief in order to permit Barnett to conclude its mortgage foreclosure suit by rescheduling the foreclosure sale previously scheduled because the Debtor filed its Petition on the very day of the sale, which of course triggered the automatic stay and, in turn, forced Barnett to cancel the sale.

The Debtor, in support of its Motion for Reconsideration, contends that this Court's reliance on the case of *In re Orange Park South Partnership*, 79 B.R. 79 (Bankr. M.D.Fla.1987), was misplaced because the facts in *Orange Park* are distinguishable from the facts in this case. Specifically, the Debtor points out that *Orange Park* was a "new debtor syndrome" case and the *Orange Park* Debtor had virtually no unsecured creditors, unlike this Debtor. In addition, the Debtor contends that pre-Petition agreements are not self-executing and binding. *Farm Credit of Central Florida, ACA*, 160 B.R. 870 (M.D.Fla.1993), and *In re Sky Group Int'l., Inc.*, 108 B.R. 86 (Bankr. W.D.Pa.1989).

The Debtor also contends that this Court failed to take into account the impact of the dismissal and the stay relief on the unsecured creditors and the rehearing is justified based on the improper notice to unsecured creditors on the Motion to Dismiss which is required by F.R.B.P. 2002(a)(5). Lastly, the

Debtor contends that this Court should receive evidence on the undisputed facts and that there is large equity in the subject property which the Debtor should be able to salvage.

At the oral argument on the Motion for Reconsideration, the Debtor also contended that the pre-Petition settlement pursuant to which the Debtor conceded that any Petition it may file will be deemed to have been filed in bad faith and consented to lifting the automatic stay, in case it defaulted under the terms of the stipulation, was not approved by the Court. Therefore, it is not enforceable. This is a new proposition which was not alleged in the Motion for Reconsideration.

Greiner joined in the Motion for Reconsideration. In its Motion, Greiner contends that the Debtor is indebted to Greiner in the amount of $249,890.50; that it has standing to oppose the Motion for Relief from the Automatic Stay; that the creditors did not receive the notices required by F.R.B.P. 4001(a)(1) and F.R.B.P. 2002(a)(5); and therefore, this Court erred in granting the Motions filed by Barnett. Greiner also contends that the Debtor has sufficient equity in the subject property which is enough to protect Barnett's interest, the Petition was filed for a legitimate purpose, and the creditors were not party to the pre-Petition settlement. It is not said, but intimated that they are not bound by the pre-Petition settlement. Based on the foregoing, Greiner requests that the Debtor and Greiner should be given an opportunity to present testimony relating to the issues raised by the Debtor's Motion.

■ Considering the Debtor's Motion first, it should be noted that the lack of Court approval of the pre-Petition Stipulation was not raised either in the Debtor's Response to Barnett's Motion or in its Motion for Reconsideration. Be as it may, there is nothing in this record which shows whether or not there was a Court approval. Regardless of whether or not it was approved, in this Court's view it is of no consequence absent a showing that the Debtor was coerced or tricked into signing the stipulation, of which there is no allegation, let alone any proof. Next, contrary to the contention of the Debtor, this Court did not rely only on *Orange Park,* and

the fact that in the present instance there is no "new debtor syndrome" is equally without significance. The fact remains that this record leaves no doubt that the last minute gasp by this Debtor to stave off the inevitable, i.e., the loss of its one and only asset, by filing a Petition for Relief in the Bankruptcy Court in Delaware, has all the hallmark of a bad faith filing. It is not unreasonable to conclude that the Debtor's choice of venue was made in bad faith considering that the subject property is located in Florida, its primary antagonist is a Florida Bank, and the majority, if not all its unsecured creditors, save the insiders, are residents of Florida. This alone gave the Debtor an additional six months delay after it already received eight extensions after the entry of the Final Judgment of foreclosure.

■ Of course, the claimed lack of proper notice is no solace to the Debtor who received proper notice, neither is the claimed substantial equity in its sole asset. As stated by the Eleventh Circuit in the case of *In re Natural Land Corp.,* 825 F.2d 296, 298 (11th Cir.1987), "the taint of a petition filed in bad faith must naturally extend to any subsequent reorganization proposal; thus, any proposal submitted by the debtor who filed his petition in bad faith would fail to meet section 1129's good faith requirement." Accordingly, no amount of equity can cleanse a Petition filed in bad faith. *See also, In re Phoenix Piccadilly, Ltd.,* 849 F.2d 1393 (11th Cir.1988).

■ Turning to the Motion of Greiner, its complaint for lack of proper notice is equally non-persuasive for the simple reason that Greiner was present at the hearing, participated in the hearing, and could not have added anything meaningful in opposition of Barnett's Motions in light of the fact that this Court was and still is satisfied that the Petition for Relief filed by the Debtor was filed in bad faith. The fact that the dismissal is not in the best interest of the unsecured creditors is also without significance. This fact is equally irrelevant when the Petition was filed in bad-faith and it is never in the best interest of creditors to permit a mortgagee to enforce its bargained

for right and to foreclose the mortgage in case the mortgagor defaults.

Based on the foregoing, this Court is satisfied that there are no duly discovered facts which were not available at the original hearing and which would have produced a different result. Nor is the original decision of granting Barnett's Motions lacking sufficient support by the applicable legal principles.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motions for Reconsideration filed by University Commons, L.P., and Greiner, Inc., be and the same are denied. It is further

ORDERED, ADJUDGED AND DECREED that the Order entered by this Court on August 9, 1996, be and the same is hereby reaffirmed.

DONE AND ORDERED.