In the Matter of Andrew J. BROSE, Jr., Debtor.

Bankruptcy No. 99–13828–8B3.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 15, 1999.

Dennis J. LeVine, Tampa, FL, for debtor.

Richard C. Prosser, Tampa, FL, for Mary Ann Brose.

Terry E. Smith, Bradenton, FL, Chapter 13 Trustee.

### ORDER DISMISSING CASE WITH PREJUDICE

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for hearing September 28, 1999 upon Emergency Motion to Dismiss Case with Prejudice or, Alternatively, for Abstention, filed by Mary Ann Brose in the above captioned case. The Court, having considered the Motion, together with the record and arguments of counsel, finds as follows:

In a prior bankruptcy case in another district, the Debtor and his former spouse executed a settlement predicated on decisions of the state trial and appellate courts. *See In re Brose*, No. 94–14529–BKC–AJC (Bankr.So.Dist.Fla.) The settlement purported to resolve all the disputes between those parties. The parties, as part of the settlement, had the Bankruptcy Court approve the settlement and make it a part of the Dismissal Order of the Debtor's prior Chapter 11 case.[1]

Under the settlement as approved by the prior Bankruptcy Court's Dismissal Order, the Debtor agreed not to file bankruptcy within five years of the date that Order became final and nonappealable. The Dismissal Order was not appealed. Debtor filed this bankruptcy case within the five year prohibition set forth in the

1. *See* Agreed Order Granting Motion to Dismiss with Prejudice for Five Years and Denying the Motion to Abstain as Moot, *Brose*, No. 94–14529–BKC–AJC (Exh. A. to Debtor's Memorandum of Law).

prior Dismissal Order. The former spouse seeks to dismiss this case on the basis that the Debtor is seeking to relitigate the issues resulting from the state court litigation as compromised in the Bankruptcy Court settlement.

Preliminarily, the Court finds that while the Debtor seeks to analogize this case to prepetition agreements between creditors and debtors regarding bankruptcy filings or applications of the automatic stay, *see, e.g., Farm Credit v. Polk*, 160 B.R. 870, 873 (M.D.Fla.1993), this case is distinguishable. The cases where agreements not to file bankruptcy petitions, (or not to assert certain rights), are a problem, involve creditors and debtors reaching an agreement prepetition, outside the purview of the court, to waive certain rights in court. *See id.* Here, the issues between the parties relate to domestic relations matters which were ruled on by the state

courts, made a part of a federal Bankruptcy Court settlement, and include a bankruptcy filing prohibition. This Court finds the concerns at issue under the *Farm Credit* case, and others like it, are not present in the case at bar.

■ Clearly, various concepts of Federal civil procedure may come into play as possible doctrines to preclude the Debtor from thwarting the terms of the Order of the Bankruptcy Court of which Debtor was a proponent.[2] The doctrines include: (1) the law of the case; (2) judicial estoppel; (3) equitable estoppel; (4) collateral estoppel or issue preclusion; and (5) res judicata or claim preclusion.[3] After reviewing each of these doctrines, the Court determines claim preclusion is the appropriate doctrine to apply to the facts in this case.[4]

---

2. The Court begins by noting the preclusive effect of a federal decision is determined by applying federal law. Restatement (Second) of Judgments § 87; *see Nevada v. United States*, 463 U.S. 110, 128–29, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983).

3. The term "estoppel by judgment" is sometimes used in reference to preclusion doctrines, but the exact definition is not clear. *See, e.g., Nevada*, 463 U.S. at 128–29, 103 S.Ct. 2906 (using estoppel by judgment to refer to cases involving both claim preclusion and issue preclusion); Restatement (Second) of Judgments § 17 cmt. b (regarding judgment in favor of a defendant and the concept of barring future claims, stating "[i]t is sometimes said that there is an 'estoppel by judgment,' but that term is not used in the Restatement of this subject."). By reviewing both issue and claim preclusion doctrines, this Court's analysis encompasses estoppel by judgment concepts as they are currently defined by the United States Supreme Court.

4. As the Order in question was entered in a separate bankruptcy proceeding in a different court, the law of the case doctrine does not apply in this case. *See, e.g., Wallis v. Justice Oaks, II (In re Justice Oaks II)*, 898 F.2d 1544, 1549 at n. 3 (11th Cir.1990) (defining law of the case as doctrine which applies to preclude relitigation of specific issues within the same case where the issue is previously determined

in that case); 18 Moore, Moore's Federal Practice § 134.20 (3d Edition 1999).

The Court also finds application of judicial estoppel is not appropriate in this case as it concerns a party's relationship to the Court, and serves to prevent a party from taking inconsistent positions on similar issues in separate proceedings in a manner that prevents candor toward a tribunal. *See, e.g., Oneida Motor Freight v. United Jersey Bank, et al.*, 848 F.2d 414, 419 (3rd Cir.1988). While on the surface the Debtor may appear to be taking inconsistent positions, the Court finds the inconsistencies are not of the type required to invoke this doctrine. *See id.;* Moore, *supra* at §§ 134.30–.34.

As the inquiry at bar is concerned with the preclusive effect of the prior Bankruptcy Court's Order, equitable estoppel, which is concerned with the relationship between the parties prior to litigation, is also not applicable in this case. *See Oneida Motor Freight*, 848 F.2d at 419.

Finally, issue preclusion, or collateral estoppel, does not apply to a settlement agreement because the issues were not actually litigated. *See Citibank v. Data Lease Fin. Corp., et al.*, 904 F.2d 1498, 1504 (11th Cir. 1990); *see also, Lawlor v. National Screen Service*, 349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122 (1955). Therefore, the doctrine does not apply to the Bankruptcy Court's Dismissal Order.

Under the doctrine of claim preclusion, the modern term for res judicata[5], there are four conditions the prior decision must meet to preclude relitigation of a claim. *Wallis v. Justice Oaks, II (In re Justice Oaks, II)*, 898 F.2d 1544, 1550 (11th Cir. 1990). The Court, having reviewed the above facts in light of the requirements, finds the case at bar meets those conditions as follows: (1) the Dismissal Order, entered by the United States Bankruptcy Court for the Southern District of Florida after notice and a hearing, was rendered by a court of competent jurisdiction in accordance with due process; (2) the Dismissal Order was final and on the merits[6]; (3) the parties to the settlement, as it was embodied in the Dismissal Order in the prior proceeding, are identical to those before this Court, and (4) both proceedings clearly involve the same cause of action.[7] *See id.* Thus, the Court finds the prior bankruptcy Dismissal Order precludes the relitigation of the issues settled in that case under the doctrine of claim preclusion.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Emergency Motion to Dismiss Case with Prejudice or, Alternatively, for Abstention filed by Mary Ann Brose be, and the same is hereby, granted. The above captioned case is dismissed with prejudice consistent with the settlement prohibition found in the June 8, 1995 Dismissal Order in case number 94–14529–BKC–AJC.

5. Res judicata, like estoppel by judgment, is sometimes used to refer to the broader concepts of judicial preclusion law. *See Nevada,* 463 U.S. at 129, 103 S.Ct. 2906 Wright, et al., Federal Practice & Procedure §§ 4401–03 (1999). In the case at bar, the Court refers to res judicata in its more refined state, where it is a doctrine concerned with the preclusive effect of an individual claim. *See Nevada,* 463 U.S. at 129–30, 103 S.Ct. 2906; Wright, *supra,* at § 4406.

6. *See Citibank v. Data Lease Fin. Corp., et al.,* 904 F.2d 1498, 1504 (11th Cir.1990) (holding res judicata, i.e. claim preclusion, doctrine applies to consent judgments).

7. The cause of action is the same, despite Debtor's attempt in this case to characterize the circumstances in the state court litigation as involving different claims. The Court looks to the substance of the actions, not to the form they take, to determine whether the causes of action are the same. *Citibank,* 904 F.2d at 1500. The language of the Dismissal Order is clear, "... Andrew Brose has agreed to a voluntary dismissal of this proceeding with prejudice to refiling any bankruptcy proceeding in any jurisdiction for five years so that he can resolve his debts outside of bankruptcy and that Mary Ann Joan Brose and Andrew Brose have settled their dispute and desire to effectuate their settlement outside of this proceeding." (*See* Exh. A. to Debtor's Memorandum of Law). This Court sees no difference between the issues between the parties at the time of the settlement agreement in 1995 and those in the case at bar. Further, this Court finds this bankruptcy was filed solely to thwart current state court rulings concerning the enforcement of the domestic relation issues previously resolved by the Bankruptcy Court settlement.